**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NORTH DAKOTA**

| | | |
|---|---|---|
| Hystad Ceynar Mineral, LLC, | ) | |
| on behalf of itself and a class of similarly, | ) | |
| situated persons, | ) | **ORDER DENYING PLAINTIFF'S** |
| | ) | **MOTION FOR REMAND** |
| Plaintiff, | ) | |
| | ) | Case No. 1:23-cv-030 |
| vs. | ) | |
| | ) | |
| XTO Energy, Inc., | ) | |
| | ) | |
| Defendant. | ) | |

Before the Court is the Plaintiff's motion to remand filed on April 18, 2023. See Doc. No. 16.

The Defendant filed a response in opposition to the motion on May 15, 2023. See Doc. No. 19. The

Plaintiff filed a reply brief on May 22, 2023. See Doc. No. 20. For the reasons set forth below, the

Plaintiff's motion is denied.

## I.    BACKGROUND

This case arises out XTO Energy, Inc.'s ("XTO") alleged failure to pay Hystad Ceynar

Mineral, LLC ("Hystad") and other mineral owners statutory interest on oil and gas produced from

wells it operates in North Dakota. Under Section 47-16-39.1 of the North Dakota Century Code, when

an oil and gas operator fails to pay royalties to mineral owners within one hundred fifty days after the

oil or gas produced under a lease is marketed, the operator must pay the mineral owner 18% interest

on the untimely payments. Hystad alleges XTO failed to pay the required 18% interest on untimely

payments made to Hystad and members of a class of similarly situated persons.

On January 10, 2023, Hystad filed a complaint in state court on behalf of itself and a class of

similarly situated persons. See Doc. No. 1-2. Hystad seeks the unpaid 18% interest on late payments

made by the Defendant to the class members since November 8, 2016. Hystad also seeks 6%

prejudgment interest on the unpaid 18% interest. Hystad further seeks declaratory judgment

determining that the Defendant is required to pay Hystad and the other class members 18% interest

on all future late payments. On February 13, 2023, XTO removed the case to federal court claiming

jurisdiction under the Class Action Fairness Act of 2005. The Plaintiff now moves to remand the case

to state court under 28 U.S.C. § 1447(c), asserting the Defendant has not established that the amount

in controversy exceeds $5,000,000 as mandated by 28 U.S.C. § 1332(d)(2).

## II.      LEGAL DISCUSSION

The Defendants removed this case to federal court by invoking federal jurisdiction under the

Class Action Fairness Act of 2005 ("CAFA"). Federal district courts have original jurisdiction of all

civil actions where the amount-in-controversy exceeds the sum or value of $5,000,000, exclusive of

interests and costs, and is a class action in which any member of a class of plaintiffs is a citizen of a

different state from any defendant. 28 U.S.C. § 1332(d)(2). A case may be removed from state court

to federal court only if the action originally could have been filed in federal court. In re Prempro Prod.

Liab. Litig., 591 F.3d 613, 619 (8th Cir. 2010). It is well-established that the party seeking removal

and opposing remand must prove by a preponderance of the evidence that removal was proper. Bell

v. Hershey Co., 557 F.3d 953, 956 (8th Cir. 2009). "[N]o antiremoval presumption attends cases

invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal

court. CAFA's primary objective is to ensur[e] Federal court consideration of interstate cases of

national importance. CAFA's provisions should be read broadly, with a strong preference that

interstate class actions should be heard in a federal court if properly removed by any defendant." Dart

Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 89 (2014) (internal quotation marks and

citations omitted). "It is axiomatic that a court may not proceed at all in a case unless it has jurisdiction." Crawford v. F. Hoffman-La Roche Ltd., 267 F.3d 760, 764 (8th Cir. 2001). Determining whether the amount-in-controversy exceeds the jurisdictional minimum is a straightforward task in most cases because the plaintiff is the master of his complaint. Bell, 557 F.3d at 956.

The Plaintiff argues the Court lacks jurisdiction because the interest it seeks under N.D.C.C. § 47-16-39.1 and N.D.C.C. § 32-03-05 cannot be included for the purposes of establishing the $5 million threshold amount in controversy under 28 U.S.C. § 1332(d)(2).[1] The Defendant contends the interest the Plaintiff seeks under N.D.C.C. § 47-16-39.1 is not the type of interest prohibited by Section 1332(d)(2) because it is the Plaintiff's principal demand.

Although no relevant precedent exists interpreting the "exclusive of interests and costs" language of Section 1332(d)(2), the Court finds cases addressing the identical language of Section 1332(a) to be instructive. See Sorenson v. Sec'y of Treasury of U.S., 475 U.S. 851, 860 (1986) ("The normal rule of statutory construction assumes that identical words used in different parts of the same act are intended to have the same meaning.") In *Brown v. Webster*, the Supreme Court of the United States interpreted the phrase "exclusive of interest and costs" for the purposes of determining jurisdiction. 156 U.S. 328 (1895). The Court held,

> The sum of the principal demand determines the question of jurisdiction. The accessory or the interest demand cannot be computed for jurisdictional purposes. Here the entire damage claimed was the principal demand, without reference to the constituent elements entering therein. This demand was predicated on a distinct cause of action,—eviction from the property bought. Thus considered, the attack on the jurisdiction is manifestly unsound, since its premise is that a sum, which was an essential ingredient in the one principal claim, should be segregated therefrom, and be considered as a mere accessory thereto.

---

[1] If the Court were to grant Hystad's motion for remand, it would have to *sua sponte* dismiss *Hystad Ceynar Minerals, LLC v. Whiting Oil and Gas Corporation*. See Doc. No. 10 in Case No. 1:22-cv-138. In the amended complaint the Plaintiff brings the same cause as action as it does in the present case and alleges the Court has jurisdiction pursuant to Section 1332(d)(2). The Plaintiff cannot have it both ways by bringing one case in federal court alleging the Court has jurisdiction and, in another case, moving the Court to remand alleging the Court lacks jurisdiction.

Id. at 330-78.

Similarly, in *Edwards v. Bates County*, the Supreme Court held that when interest evidenced by a coupon becomes due and payable the demand based upon the promise is no longer a mere incident of the principal indebtedness represented by the bond but becomes a principal obligation. 163 U.S. 269, 272 (1896). "The claim made by the plaintiff on the coupons was in no just sense accessory to any other demand, but was in itself principal and primary. In ascertaining, therefore, the jurisdictional sum in dispute, the sum of the coupons should have been treated as an independent, principal demand, and not as interest." Id. at 272-73.

In viewing the present case, the Court must focus on the nature of Hystad's demand. Hystad's demand for interest under Section 47-16-39 is not merely an accessory to a principal obligation. Rather, the interest Hystad seeks is a distinct cause of action that is the principal demand itself. Similar to *Edwards*, when the interest XTO allegedly owes under Section 47-16-39.1 became due upon XTO's late payments, the interest owed is no longer a mere incident of the untimely payments, but became a principal obligation and should be included in calculating the amount-in-controversy. If the Section 47-16-39 interest was not included, no amount-in-controversy would exist for the Plaintiff's claim despite the Plaintiff undisputedly asserting more than $5 million in damages.

The interest the Plaintiff seeks to exclude from the amount-in-controversy is not the type of interest contemplated by the diversity jurisdiction requirements. In *Brainin v. Melikian*, the Third Circuit Court of Appeals acknowledged that Congress excluded interest from the amount-in-controversy requirement "to prevent delaying of a suit merely to accumulate the necessary amount for federal jurisdiction." 396 F.2d 153, 155 (3d Cir. 1968). Accordingly, Courts have distinguished between interest that is continuing to accrue and interest that has already accrued or matured.  See id. (stating that failure to distinguish between interest accruing before maturity of a promissory note and

interest accruing prior to maturity ignores Congress' purpose in excluding interest from the amount-in-controversy); see also Thronateeska Pecan Co. v. Matthews, 277 F. 361, 365 (5th Cir. 1921) (holding when interest is payable at a fixed date and is not paid it becomes a principal debt for which suit can be brought). Here, the statutory interest Hystad seeks became due when Hystad allegedly made late payments without making the statutory 18% interest on the payments as required by N.D.C.C. § 47-16-39. The 18% interest is fixed and does not continue to accrue.

In contrast, Hystad's prayer for relief also includes a demand for applicable North Dakota 6% prejudgment interest on the unpaid 18% interest, pursuant to N.D.C.C. § 32-03-05. Unlike Hystad's claim for interest under Section 47-16-39.1, its claim for prejudgment interest continues to accrue from the date of each late payment until the date of final judgment in this case. Hystad's claim for prejudgment interest is a mere accessory of the Section 47-16-39 principal demand and must be excluded as interest from the amount-in-controversy calculation.

The Plaintiff's argument primarily relies on circuit court decisions holding interest that becomes due as a result in a delay in payment must be excluded from the jurisdictional amount-in-controversy. The Court does not find the decisions to be on point or particularly persuasive in this instance. First, the circuit decisions do not adequately address the Supreme Court's binding rulings in *Brown* and *Edwards* that distinguish between principal obligations and accessories. The circuit cases are also factually distinct. The cases cited by Hystad involved situations where interest was a mere incident to the parties' actual dispute, rather than the principal obligation and entire demand the plaintiffs sought. For example, in *State Farm Mut. Auto. Ins. Co. v. Narvaez* the Tenth Circuit Court of Appeals held "interest is not counted if it was an incident arising solely by virtue of a delay in payment *of the underlying amount in controversy.*" 149 F.3d 1269, 1271 (10th Cir. 1998) (internal quotation marks removed) (emphasis added). Likewise, in *Velez v. Crown Life Ins. Co.*, the First

Circuit held "it makes no difference whether the interest which is sought accumulated *upon the principal obligation sued upon* because of contract, or by common law, or by statute, or whether the interest be termed a penalty or damages, so long as it is an incident arising solely by virtue of a delay in payment." 599 F.2d 471, 473 (1st Cir. 1979) (emphasis added). Unlike the cases cited by Hystad, the Section 47-16-39.1 interest it seeks is the principal obligation and entire demand rather than interest owed on an underlying obligation that constitutes the amount-in-controversy. Hystad's claim for interest under Section 47-16-39.1 is the principal obligation and must be included in the amount-in-controversy. Therefore, the Court has jurisdiction under the Class Action Fairness Act of 2005. Hystad's motion to remand is denied.

## III.    CONCLUSION

The Court has carefully reviewed the entire record, the parties' briefs, and the relevant law. For the reasons set forth above, the Court **DENIES** the Plaintiff's motion to remand (Doc. No. 16).

**IT IS SO ORDERED**.

Dated this 24th day of August, 2023.

> */s/ Daniel L. Hovland*
> Daniel L. Hovland, District Judge
> United States District Court