**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA**

| | | |
|---|---|---|
| HYSTAD CEYNAR MINERALS, LLC, | ) | |
| On behalf of itself | ) | |
| and a class of similarly | ) | **ORDER** |
| situated persons, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:23-cv-00030 |
| | ) | |
| XTO ENERGY, INC., | ) | |
| | ) | |
| Defendant. | ) | |

On August 7, 2023, Hystad Ceynar Mineral, LLC ("Hystad") filed a *Motion for Entry of a Protective Order, and Motion for Sanctions*. (Doc. No. 24). Hystad requests XTO Energy, Inc. ("XTO") enter a protective order and confidentiality agreement, and that the court award sanctions against XTO. (Doc. No. 23). XTO opposes Hystad's motion and objects to Hystad's proposed protective order in so far as it lacks a liquidated damages clause. (Doc. No. 26). As discussed below, Hystad's motion for protective order is granted in part and XTO's motion for protective order is denied. The parties' requests for sanctions are denied. Hystad's motion to compel will be addressed in a separate order.

## I.   LEGAL STANDARD

Federal Rules of Civil Procedure 26(c) govern protective orders. Under Rule 26(c)(1) "[a] party or any person from whom discovery is sought may move for a protective order in the court where the action is pending – or as an alternative in matters relating to deposition, in the court for the district where the deposition will be taken." FED. R. CIV. P. 26(c)(1). A court may also, for good cause, issue a protective order to protect parties or persons from annoyance, embarrassment, oppression, or undue burden or expense. *Id.*

In considering whether to award reasonable attorney's fees and costs, under FED. R. CIV. P. 37, they must be awarded when there is a successful motion to compel, unless an exception applies. The applicable exceptions are: "(i) the movant filed the motion to compel before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." FED. R. CIV. P. 37(a)(5)(A)(i)-(iii).

## II.   DISCUSSION

### a.  Protective Order

A party or person from whom discovery is sought may move for a protective order in the court where an action is pending. FED. R. CIV. P. 26(c)(1). For good cause, the court may issue an order to protect persons or parties from "annoyance, embarrassment, oppression, or undue burden or expense…." *Id.* The court is not required to issue liquidated damages under Rule 26(c).

The parties have agreed on a protective order, except for the final paragraph, where XTO seeks the inclusion of a liquidated damages provision. XTO argues that this provision is necessary to protect the confidential information produced in the case if the court grants Hystad's motion to remand to state court. However, this court has since denied the motion to remand (Doc. No. 28), and while the court acknowledges that the oil and gas industry is a competitive one, the court is not persuaded that a liquidated damages provision is necessary in the protective order.

XTO proposes $10,000 per violation, while Hystad does not agree to any amount of liquidated damages. (Doc. No. 25-1). The court agrees with Hystad that the liquidated damages provision is meant to have a chilling effect and is not a necessary component of an effective protective order.

The court also notes that under the *Order for Rule 26(f) Planning Meeeting* (sic) *and for Rule 16(b) Scheduling Conference, and Order Regarding Discovery Disputes*, the court required the parties "[d]iscuss any need for a protective order and the provisions of any desired protective order" during their conference regarding the Scheduling/Discovery Plan. (Doc. No. 4). In the *Scheduling Order*, filed on March 22, 2023, the parties addressed the protective order. (Doc. No. 15). "The parties agree that the disclosure of confidential information will be required in this case, and have agreed to confer regarding the form of a proposed protective order, and will submit the same to the Court for entry prior to the production of discovery." (*Id.*). There is no reference to a liquidated damages provision in the *Scheduling Order*.

The court finds that the protective order shall not contain a liquidated damages provision. The court grants Hystad's proposed protective order in part and denies XTO's protective order with the understanding that there will be no provision for liquidated damages. Accordingly, it is hereby ordered:

## **PROTECTIVE ORDER AND CONFIDENTIALITY ORDER**

All the parties have agreed to and requested the entry of a confidentiality and protective order ("Protective Order"). After careful consideration, the Court finds that good cause exists for the signing of this Protective Order.

IT IS THEREFORE ORDERED that all persons receiving information in this litigation that is subject to the restrictions and limitations described in this Protective Order shall be bound by the terms of this Protective Order. IT IS FURTHER ORDERED that all information produced in this action shall be subject to the following terms and conditions:

1. Certain information, documents and tangible things have been and may be sought, produced, or exhibited in this lawsuit (the "Proceeding") that a party or non-party (the

"Designating Party" or "Disclosing Party") deems confidential. The parties and their counsel agree that the Court should enter a protective order to facilitate the flow of discovery material while preserving its confidentiality.

2. <u>Scope of Protective Order</u>. This Protective Order governs all information, documents, and tangible things produced or disclosed by any party or non-party during the Proceeding, whether revealed in a document, deposition, other testimony, discovery response, or otherwise. Each party who receives documents or information in this proceeding is a "Receiving Party." This Protective Order binds the parties to the Proceeding, including their respective corporate parents and subsidiaries as well as their respective attorneys, agents, representatives, officers, directors, and employees and others as set forth herein. This Protective Order also binds any person or entity who becomes a party to this action subsequent to the entry of this Protective Order. This Protective Order is also binding on and applies to all non-parties who either produce or receive documents or information in connection with this Proceeding. Nothing contained in this Protective Order shall preclude any party from using its own information, documents, and tangible things in any manner it sees fit, without prior consent of any party or the Court.

3. <u>Definition of "Confidential Information"</u>. "Confidential Information" means any non-public financial and other confidential business information of a competitively or commercially sensitive, proprietary, or trade-secret nature, which may include financial statements, tax returns, account statements, business plans, accounting reports, investigative reports, contracts, memoranda, meeting minutes, operations data, and other confidential commercial or proprietary information that has historically been kept confidential. "Confidential Information" may include information regarding royalty owners and payment recipients other than Plaintiff.

4. Definition of "Highly Confidential Information". "Highly Confidential Information" means all documents and information described in Paragraph 3 as Confidential Information that a Designating Party believes to be extremely sensitive confidential and/or proprietary information, the disclosure of which, even limited to the restrictions placed on Confidential Information in this Protective Order, would compromise and/or jeopardize the Designating Party's competitive business interests.

5. Definition of "Qualified Persons for Receipt of Confidential Information." The term "Qualified Persons for Receipt of Confidential Information" is limited to the following:

(a) The parties themselves and any officers, directors, employees, advisors, experts, or agents of the parties who assist the parties and their counsel in this Proceeding;

(b) any paralegal, clerical employee, or law clerk retained or employed and supervised by counsel who is working on the prosecution or defense of the Proceeding;

(c) Independent consultants or experts consulted or retained by the parties or their counsel of record to work on the Proceeding, regular and temporary employees of those experts or consultants, and service vendors for those experts and consultants (including outside copying services and outside support services);

(d) Non-parties deposed in this Proceeding and their counsel;

(e) Stenographic and videographic reporters engaged for depositions or other proceedings necessary to the conduct of the Proceeding;

(f) Such persons as the Designating Party consents to in writing or on the record prior to the proposed disclosure; and

(g) This Court or any other Court exercising jurisdiction with respect to this Proceeding, Court personnel, jurors, alternate jurors, and qualified persons (including necessary clerical personnel) recording, taking or transcribing testimony or argument at any deposition, hearing, trial, or appeal in this litigation.

In the event a Receiving Party desires to disclose to any person not included in (a) through (g) above information designated as "Confidential," such party shall provide at least seven (7) business days' advance notice in writing to the Designating Party. If the Designating Party objects in writing to the disclosure of such Confidential Information to that person, the Receiving Party seeking disclosure may seek an order from the Court. Until the Court resolves the application, no such disclosure shall be made.

6. Definition of "Qualified Persons for Receipt of Highly Confidential Information." The term "Qualified Persons for Receipt of Highly Confidential Information" is limited to the following:

(a) Photocopying, data processing, or graphic production services employed or retained by the parties or their counsel of record to assist in this litigation;

(b) Any outside expert or consultant (or any employee of such outside expert or consultant): (i) who is retained by a party in this Proceeding (or their counsel of record), for purposes of consulting and/or testifying in this Proceeding, and (ii) to whom the party has in good faith deemed  disclosure of such "HIGHLY CONFIDENTIAL" material is reasonably necessary in order to assist in the preparation or the conduct of this Proceeding;

(c) This Court or any other Court exercising jurisdiction with respect to this Proceeding, Court personnel, jurors, alternate jurors, and qualified persons

(including necessary clerical personnel) recording, taking or transcribing testimony or argument at any deposition, hearing, trial, or appeal in this Proceeding;

(d) Counsel of record for any party in this Proceeding; and

(e) Any other person to whom the Designating Party agrees in writing or on the record in advance of the disclosure.

In the event that a Receiving Party desires to disclose to any person not included in (a) through (e) above information designated as "Highly Confidential," such party shall provide at least seven (7) business days' advance written notice in to the Designating Party. If the Designating Party objects in writing to the disclosure of such Highly Confidential Information to that person, the Receiving Party seeking disclosure may seek an order from the Court. Until the Court resolves the application, no such disclosure shall be made.

7. Use of Confidential Information. This Protective Order expressly prohibits any and all disclosure, description, identification or dissemination of Confidential Information by a non-Designating Party to any person not expressly authorized to view such material under the terms herein. Confidential Information shall be used solely for the preparation of the parties' prosecution of and defense in these Proceedings including motion practice, trial, appeal, or settlement of this particular Proceeding, and shall not be communicated or used for any other purpose whatsoever except as compelled by court or administrative order, or by agreement between the parties. Any notes, summaries, compilations, copies, electronic images, databases or the like derived from Confidential Information shall be subject to the terms of this Protective Order to the same extent as the Confidential Information from which they were derived. Confidential Information shall not be given, shown, made available, communicated, or disclosed to anyone other than the

Qualified Persons for Receipt of Confidential Information or Qualified

Persons for Receipt of Highly Confidential Information, whichever

applies based upon the designation of the material.

8. <u>Agreement to Be Bound</u>. Prior to receiving Confidential or Highly Confidential Information, Qualified Persons for Receipt of Confidential or Highly Confidential Information, shall: (a) be advised of and provided this Protective Order; (b) be required to read this Protective Order; and (c) agree to be bound by the terms and conditions of this Protective Order, Proceeding. Additionally, all persons described in paragraphs 5(c), 5(d), 6(a), 6(b), and 6(f) must execute the Agreement to Be Bound attached as Exhibit 1 to this Protective Order and the party disclosing Confidential or Highly Confidential Information shall maintain a file of all such executed Agreements to Be Bound.

9. <u>Maintenance of Confidential or Highly Confidential Information</u>. It is the responsibility of each Receiving Party (and any other person who receives Confidential or Highly Confidential Information pursuant to this Protective Order) to maintain materials containing Confidential or Highly Confidential Information in a secure manner and appropriately identified so as to restrict access to the persons and under such terms as is permitted under this Protective Order. All persons who receive Confidential or Highly Confidential Information are responsible for employing reasonable measures to control unauthorized access to and use, distribution, and duplication of Confidential or Highly Confidential Information, consistent with this Protective Order. Reasonable measures include, but are not limited to the following:

(a) Confidential Information in electronic format shall be maintained in a secure litigation support site(s) that applies "Standard Industry Practices" regarding data security, including but not limited to application of access control rights to those persons entitled to access Confidential Information under this Order. Conformance with "Standard Industry

Practices" includes protecting data throughout its life cycle through a variety of mechanisms, including but not limited to (1) encryption of Confidential Information or data in transit over network connections and in storage facilities (this includes laptops, desktops, backups and USB removable media); (2) utilization of encryption mechanisms that conform to NIST standards; (3) implementation of processes to physically destroy or wipe (DoD 5220.22-m standards) all drives that contain confidential data before the drive is disposed; and (4) maintenance of a variety of programs to monitor and identify data loss or security risks.

(b) An audit trail of use and access to litigation support site(s) shall be maintained while this litigation, including any appeals, is pending.

(c) Any Confidential Information downloaded from the litigation support site(s) in electronic format shall be stored only on device(s) (e.g., laptop, tablet, smartphone, thumb drive, portable hard drive) that are password protected and encrypted with access limited to persons entitled to access Confidential Information under this Order. If the user is unable to password protect and encrypt the device, then the Confidential Information shall be password protected and encrypted at the file level.

(d) Confidential Information in paper format is to be maintained in a secure location with access limited to persons entitled to access Confidential Information under this Order.

(e) Summaries of Confidential Information, including any notes, lists, memorandum, indices, or compilations prepared or based on an examination of Confidential Information, that quote from or paraphrase Confidential Information in a manner that enables it to be identified shall be accorded the same status of confidentiality as the underlying Confidential Information.

(f) If the recipient of Confidential Information is shipping data in electronic format, the recipient shall encrypt the data prior to shipping and provide the encryption key in separate correspondence. If hard copy documents are shipped, the receiving party will ship the documents using secure packaging tape via Federal Express or UPS and retain a tracking number for the materials. If the receiving party learns at any time that the Confidential Information has been retrieved or viewed by unauthorized parties during shipment, it will immediately notify the Producing Party and take all reasonable measures to retrieve the improperly disclosed materials.

(g) If the Receiving Party discovers a breach of security relating to the Confidential Information of a Disclosing Party, the Receiving Party shall: (1) provide written notice to the Disclosing Party of the breach within forty-eight (48) hours of the Receiving Party's discovery of the breach; (2) investigate and remediate the effects of the breach, and provide the Disclosing Party with assurance reasonably satisfactory to the Receiving Party that the breach shall not recur; and (3) provide sufficient information about the breach that the Disclosing Party can ascertain the size and scope of the breach. The Receiving Party agrees to cooperate with the Disclosing Party or law enforcement in investigating any such security incident.

10. Designation. The designation of Confidential or Highly Confidential Information shall be made as follows:

(a) Hard copy or imaged documents and tangible things. The Designating Party shall mark the words "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" on the material in a manner that will not interfere with its legibility. Whenever possible, the designations shall be made prior to, or contemporaneously with, the

production of the material. If a party wishes to designate documents or tangible things that have been produced by another party or third parties as Confidential Information or Highly Confidential Information, the Designating Party shall have 15 days after the party or third party produces the documents or information to provide a log to the other parties identifying the documents and tangible things (by bates number if available) and their respective designations. The parties will then afford the logged documents or tangible things the protection accorded them in this Protective Order until such time as the Court determines that the document should not be designated as Confidential or Highly Confidential.

(b) Deposition and pretrial testimony. Deposition or other testimony taken in this action, including any document marked for identification during a deposition, may be designated "Confidential" by any one of the following means: (i) by stating orally on the record that the information is "Confidential" on the day the testimony is given; (ii) by sending written notice to all parties herein designating information as "Confidential" within thirty (30) days after the transcript of the testimony is delivered to the party designating the testimony or document as confidential; or (iii) by stamping or writing the legend "Confidential" on the relevant portion of the transcript or document at or before the signing of the transcript by the witness or as soon thereafter as practicable. During the first thirty (30) days after receipt of the official transcript from the court reporter, all deposition transcripts in this action will be treated as Confidential Information. Portions of depositions that deal with Confidential Information may be designated as such during the deposition or at any time prior to thirty (30) days after the

transcripts are provided to counsel. If a deposition testimony is designated as Confidential, the parties shall attach a written notice to the face of the deposition transcript (and each copy thereof in its possession, custody, or control) to conspicuously make clear that the transcript contains Confidential information.

(c) <u>Written Discovery Responses</u>. In the case of interrogatory answers, responses to requests for admissions, or other written responses to discovery requests, if appropriate, designation of Confidential or Highly Confidential Information shall be made by means of a statement in the answers or responses specifying that the answers or responses or specific parts thereof are designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." The following legend shall be affixed to each answer or response containing Confidential Information or Highly Confidential Information: "CONTAINS CONFIDENTIAL INFORMATION" or "CONTAINS HIGHLY CONFIDENTIAL INFORMATION."

(d) <u>Electronically Stored Information</u>. To the extent that matter stored or recorded in the form of electronic, magnetic or similar media (including information, files, databases, or programs stored on any digital or analog machinereadable device, computers, discs, static or solid state memory, networks, tapes, or phone) is produced in such form, the producing party may designate such matter as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" by (i) stating the designation in the transmittal of the ESI to the Receiving Party or (ii) including "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" in the file name of the ESI. Whenever any person reduces such ESI to hard-copy form, such person shall mark

the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" designation on the hard copy and afford the hard copy document the protection described in this Protective Order until such as time as the Court determines the ESI should not be designated as "Confidential" or "Highly Confidential.".

11. Objections to Designations and Restrictions on Disclosure. A party shall not be obligated to challenge the proprietary nature of the designation of Confidential or Highly Confidential Information or the restrictions on the disclosure of Confidential or Highly Confidential Information at the time the designation is made, and failure to do so shall not preclude a subsequent challenge of the designation or restriction on disclosure. If a party challenges a designation or the restriction on the disclosure, it shall provide written notice to the Designating Party of such challenge and clearly state the basis for the challenge. The Designating Party shall have seven (7) business days after receipt of the written challenge to confer with the objecting party in good faith to resolve the objection. If the challenge cannot be resolved within seven (7) business days, the Designating Party may file a motion with the Court seeking an in-camera inspection of the designated material and a determination as to the propriety of the designation or restriction on disclosure of the information. Such motion must be filed no later than thirty (30) calendar days after the date of the service of the objection. In the event an objecting party receives Confidential or Highly Confidential Information less than thirty (30) days before a deposition, hearing, trial, briefing deadline, or other Proceeding-related event, the objecting party will confer in good faith with the Designating Party and if the challenge is not resolved within five (5) business days, the Designating Party shall seek immediate assistance from the Court in the form of a motion, status conference, or other informal procedure that the Court may allow. Pending the Court's determination of any challenge contesting a designation or restriction on use, the challenged

information, documents or tangible things shall continue to be treated in accordance with the designation assigned by the Designating Party

12. <u>Preservation of rights and privileges</u>. Each party expressly reserves any and all rights to challenge the designation of any information, documents and tangible things and neither the stipulation to this Protective Order nor the acceptance of discovery so designated is a waiver of these rights. Such designation shall not be construed in any way as an admission or agreement by any other party that the designated information constitutes or contains any trade secret or confidential information as contemplated by law. As long as the use of the Confidential or Highly Confidential Information comports with the terms of this Protective Order, nothing in this Protective Order is intended to limit or have the effect of limiting either party's right to make use of such information for this Proceeding for any purposes or uses permitted under the applicable law, applicable discovery rules, or the relevant Local Rules of Court, at any time during motions practice, the pretrial preparation, or trial of this lawsuit or any time up to and including the entry of judgment and conclusion of any appeals taken therefrom. Accordingly, subject to the governing evidentiary code or rules, materials protected by this Protective Order may be offered in evidence at trial or at any court hearing subject to the protective measures stated in this Protective Order and any additional measures as may be directed by this Court. Agreeing to this Order, producing, or receiving any Confidential Information, or otherwise complying with the terms of this Order shall not: (a) prejudice in any way the rights of any person or party to object to the production of documents it considers not subject to discovery; (b) prejudice in any way the rights of any person or party to seek a Court determination whether particular discovery materials should be produced, or if produced, whether such material is properly subject to the terms of this Order; (c) prejudice in any way the rights of any person or party to seek a determination by the Court that access to

Confidential Information should be granted to a person not herein specifically designated to receive the same; or (d) prejudice in any way the rights of any person or party to apply to the Court for a further protective order relating to any asserted confidential information, trade secrets, or proprietary information.

13. In the event a non-designating party desires to file or use Confidential or Highly Confidential Information with the Court or in the court record as a part of a motion, an exhibit to a motion or as an exhibit in any hearing or trial, the non-designating party shall provide at least five (5) business days' advance notice in writing to the Designating Party. Use of Confidential Information and Highly Confidential Information at Pre-Trial Proceedings. Any papers filed with the Court or that a party intends to introduce into evidence during a pre-trial proceeding that disclose or reference Confidential or Highly Confidential Information must be filed in redacted form such that the Confidential and Highly Confidential Information (and all references to the content thereof) are fully redacted. On the date of filing, the filing party shall serve upon all counsel of record unredacted copies of the filed papers. To the extent the filing party wishes the Court to consider the Confidential or Highly Confidential Information, the filing party must provide unredacted versions of the filed papers to be inspected *in camera* at a reasonable time before the papers are to be considered by the Court. Alternatively, the filing party may file unredacted papers containing or referencing Confidential or Highly Confidential Information under seal with the Court consistent with the sealing requirements of the Court. Any Court order that authorizes a document to be filed under seal shall describe and identify the document or category of documents to be sealed. Neither party will object to the filing of papers containing Confidential Information or Highly Confidential Information under seal as set forth in the Court's Local Rule 5.1. and the Court's Administrative Policy Governing Electronic Filing and Service.

14. If the Court determines a particular filing should not be sealed or filed in redacted form, the filing party may then substitute the redacted motion with an un-redacted motion and may attach the exhibit(s) containing the Confidential or Highly Confidential Information to the unredacted motion.

15. <u>Inadvertent Non-Designation of Confidential Information or Highly Confidential Information</u>. Upon discovery of an inadvertent non-designation of Confidential Information or Highly Confidential Information, the discovering party will immediately notify the Receiving Parties and the information, document or material identified will thereafter be treated as if it had been originally designated as Confidential Information or Highly Confidential Information, whichever is designated. If a party produces multiple identical copies of a document (but with different bates numbers) and one has not been designated, or has not been designated the same, then all identical copies shall be treated according to the most restrictive designation. However, the burden to ensure appropriately restrictive designation treatment of identical copies is upon the Designating Party, which must identify all bates numbers for such copies in its notification to the opposing party.

16. <u>Inadvertent Production</u>. In the course of producing documents, information, or materials in this case, the parties recognize that documents, information or materials may be inadvertently or unintentionally produced, or deposition testimony may be inadvertently or unintentionally given, which contain or concern privileged or arguably privileged matters. The giving or public filing of any documents, information, or testimony shall not constitute a general or subject matter waiver of protections provided by this Protective Order or by the attorney-client privilege or work product doctrine, or any other evidentiary privilege or immunity recognized by applicable law. If a producing party determines that materials protected by the attorney-client

privilege or work product doctrine, or any similar privilege or immunity recognized by applicable law, have been inadvertently produced, the receiving party shall upon receipt of a written request seeking return of the inadvertently produced documents: (a) not disseminate copies of the inadvertently produced documents to anyone, (b) gather all previously disseminated copies of the inadvertently produced documents from the recipients, and (c) promptly return the inadvertently produced materials and any copies to the producing party. If a party determines that testimony revealing matters protected by the attorney-client privilege or work product doctrine, or any similar privilege or immunity recognized by applicable law, has been inadvertently or unintentionally given, the party may move to have the testimony stricken from any written or videotaped record.

17. <u>Confidential or Highly Confidential Information Subject To Third-Party Non-Disclosure Agreements</u>. Certain Confidential or Highly Confidential Information that may be sought in discovery may be subject to third-party non-disclosure agreements or third-party confidentiality provisions that require notice to and/or the consent of a non-party prior to disclosing such Confidential or Highly Confidential Information. In the event that Confidential or Highly Confidential Information of this nature is sought in discovery and the Disclosing Party tentatively agrees that it should be produced, the parties agree to the following procedures:

(a) The Disclosing Party shall notify the requesting party that the Confidential or Highly Confidential Information being sought is subject to a third-party nondisclosure agreement or confidentiality provision, and provide sufficient information to the requesting party regarding the terms of the third-party nondisclosure agreement or confidentiality provision.

(b) The Disclosing Party shall take the reasonable steps required by the applicable third-party non-disclosure agreement or confidentiality provision,

including notifying the non-party of the discovery requests and asking whether the non-party objects to producing the Confidential or Highly Confidential Information.

(c) To the extent a non-party raises concerns or asserts additional conditions for the protection of the Confidential or Highly Confidential Information prior to disclosure, the Disclosing Party shall notify the requesting party, and the parties will meet and confer in good faith in an attempt to meet the requirements of the non-party.

(d) In the event the Disclosing Party is unable to obtain the voluntary consent of the non-party, including after any discussions contemplated in Paragraph 17(c), the producing party shall notify the requesting party, and the requesting party shall seek additional relief from the Court concerning such Confidential or Highly Confidential Information.

18. In the event the receiving party receives a Court Order or subpoena requesting production of the Confidential or Highly Confidential Information, the receiving party shall, prior to producing any such Confidential or Highly Confidential Information, give all other parties to this Protective Order notice within three (3) days of receiving the Court Order or subpoena. This will allow the producing party the opportunity to seek to protect the Confidential or Highly Confidential Information. If a protective order cannot be obtained and a recipient of Confidential or Highly Confidential Information is ultimately compelled by a Court Order to disclose it, that person or entity may disclose only such portion of such Confidential or Highly Confidential Information that is required to be disclosed.

19. Use of Confidential Information or Highly Confidential Information After Conclusion of Proceeding. Within sixty (60) days of the final termination of this action, whether by settlement or judgment, including appeals, the parties and any other person subject to the terms of this Protective Order shall be under an obligation, at the sole expense of the receiving party, either to destroy or to assemble and return to the producing party all Confidential Information and/or Highly Confidential Information and all copies, summaries and abstracts thereof to the extent they disclose such Confidential Information and/or Highly Confidential Information, and to return, at the sole expense of the receiving party, all other material, memoranda or documents embodying such Confidential Information and/or Highly Confidential Information; provided, however, that counsel of record for the parties may retain all pleadings and other materials constituting work product, including all documents filed with the Court and all materials that were identified as being actual or potential trial or hearing exhibits. All persons and entities to whom Confidential Information and/or Highly Confidential Information is disclosed pursuant to the terms of this Protective Order shall certify within thirty (30) days of the termination of this action, as described above, that they have complied with this paragraph.

20. Non-Party Information. The existence of this Protective Order must be disclosed to any person or entity producing information in this litigation who/which may reasonably be expected to desire confidential treatment for such information.

21. The Parties, all counsel of record and all Qualified Persons agree that this Protective Order shall be enforceable in this Court or any in court exercising jurisdiction over the dispute between the Parties as set forth in Plaintiff's Class Action Complaint and any amendments thereto. The Parties, all counsel of record and all Qualified Persons agree that, in addition to being an order of the Court, the matters set forth in this Protective Order are contractual and a violation of this

Protective Order shall subject the violating person or persons and their counsel to being held in contempt.

<u>**AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**</u>

The undersigned has read the Protective Order dated the _____ day of _____ 202___, understands its contents, and hereby agrees to be bound by the terms and conditions thereof. The undersigned acknowledges that he or she has been designated by a counsel in this action as: A Qualified Person for Receipt of Confidential Information and/or Highly Confidential Information.

Pursuant to the Protective Order, the undersigned further agrees not to use or discuss the contents of any of the documents provided to him or her in connection with the Proceeding for any purpose other than specifically set forth in the Protective Order. The undersigned further consents to the jurisdiction of the Federal District Court for the District North Dakota or any in court exercising jurisdiction over the dispute between the Parties as set forth in Plaintiff's Class Action Complaint and any amendments thereto, for purposes of determining or enforcing compliance with the terms of the Protective Order.

Dated this_____ day of _____, 202_____.

_____          _____

Printed Name                                               Signature

**b. Sanctions**

Hystad argues that it should be awarded sanctions against XTO pursuant to FED. R. CIV. P. 37. (Doc. No. 23).  In its response, XTO asserts that sanctions against it are not warranted, rather the court should award sanctions against Hystad. (Doc. No. 27).

Under Rule 37, the court must order the opposing party to pay reasonable attorney's fees and costs when there is a successful motion to compel unless an exception applies. These exceptions are: "(i) the movant filed the motion before attempting in good faith to obtain the

disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." FED. R. CIV. P. 37(a)(5)(A)(i)-(iii).

XTO provides that it was justified in not producing certain confidential information, which it argued required a protective order, until that protective order was put in place. (Doc. No. 27). It contends that under this justification, sanctions are not warranted. However, while it is undisputed that XTO is producing confidential information, the court is unpersuaded by the argument that this warrants withholding all discovery until the protective order is put in place. The court is not convinced that every question asks for confidential information, nor that XTO is justified in halting the discovery process.

Absent the obligation of XTO to engage in discovery, whether there be a protection order in place or otherwise, the court finds the accusations alleged by both parties in their motions and the inability of the parties to work together troubling. Accordingly, the court finds that neither party shall be awarded sanctions pursuant to FED. R. CIV. P. 37(a)(5)(A)(iii). However, due to the accusations alleged by both parties, the court orders that all future meet and confer conferences shall be recorded.

## III.   CONCLUSION

Hystad's *Motion for Protective Order* (Doc. No. 24) is **GRANTED IN PART**. XTO's *Motion for Protective Order* (Doc. No. 25) is **DENIED**. Hystad's *Motion for Sanctions* (Doc. No. 24) is **DENIED**.

**IT IS SO ORDERED.**

Dated this 5th day of February, 2024.

*/s/ Clare R. Hochhalter*
Clare R. Hochhalter, Magistrate Judge
United States District Court

21