IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| HYSTAD CEYNAR MINERALS, LLC, on behalf of itself and a class of similarly situated persons,<br><br>    Plaintiffs,<br><br>v.<br><br>XTO ENERGY, INC.<br><br>    Defendant. | Civil Action No.: 1:23-CV-030 |

**PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT**

Plaintiff Hystad Ceynar Minerals, LLC ("Plaintiff" or "Hystad"), on behalf of itself and the Class defined below, for its First Amended Class Action Complaint against Defendant XTO Energy, Inc. ("XTO"), alleges:

**SUMMARY**

1. This class action concerns Defendant XTO's past and continuing failure to pay mineral owners statutory interest on late, or "untimely," payments derived from the sale of oil or gas produced and marketed by XTO from wells located in North Dakota, pursuant to N.D.C.C. § 47-16-39.1.

2. Pursuant to the express provisions of N.D.C.C. § 47-16-39.1, if an oil and gas operator fails to make oil or gas payments to a mineral owner or a mineral owner's assignee "within one hundred fifty days after oil or gas produced under the lease is marketed and cancellation of the lease is not sought or if the operator fails to pay oil or gas royalties to an unleased mineral interest owner within one hundred fifty days after oil or gas production is marketed from the unleased mineral interest owner's mineral interest, the operator thereafter shall pay interest on the

1

unpaid royalties, without the requirement that the mineral owner or the mineral owner's assignee request the payment of interest, at the rate of eighteen percent per annum until paid."

3.   At various times since November 8, 2016, Defendant XTO has made untimely payments ("late payments") to Plaintiff Hystad and the other members of the Class more than one hundred fifty days after oil or gas subject to the Class members' mineral interests has been marketed by XTO, without paying the eighteen percent per annum interest on such late payments, as required under N.D.C.C. § 47-16-39.1.

4.   Hystad brings this class action to recover damages on behalf of itself and a defined Class of all similarly situated mineral owners who have received late payments from XTO on oil or gas produced from the North Dakota wells and marketed by XTO (or others acting on its behalf), which have not included the eighteen percent per annum interest required under N.D.C.C. § 47-16-39.1.

## PARTIES

5.   Plaintiff Hystad is a limited liability company organized under the laws of the State of North Dakota, and its principal place of business is located at 3461 131st Ave. NW, Arnegard, North Dakota, 58835. Hystad has two members, both of whom are citizens of the State of North Dakota.

6.   Defendant XTO is a corporation incorporated under the laws of Delaware, and its principal place of business is located at 22777 Springwoods Village Parkway, Spring, Texas, 77389.

## JURISDICTION AND VENUE

7.   This Court has subject matter jurisdiction over this class action under the Class Action Fairness Act, 28 U.S.C. 1332(d), because: (a) Hystad has brought this case as a class action;

(b) the Class proposed by Hystad exceeds 100 members; (c) the proposed Class contains at least one member who is a citizen of a state different from the states of Delaware and Texas, the two states where XTO is deemed to be a citizen; and (d) the amount in controversy exceeds $5,000,000, exclusive of interest and costs.

8. This Court has personal jurisdiction over XTO because: (a) XTO has continuously transacted substantial business activities in the State of North Dakota; (b) the acts and conduct of XTO giving rise to the claims asserted in this class action complaint occurred, in substantial part, in the State of North Dakota; (c) XTO operates more than 500 oil and gas wells in the State of North Dakota; (d) XTO owns substantial property interests in North Dakota; and (e) XTO has made late royalty payments to hundreds of persons who reside in North Dakota.

9. Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(2) because a substantial portion of XTO's acts and conduct giving rise to the claims alleged in this class action complaint occurred in this judicial district.

## FACTUAL ALLEGATIONS

10. N.D.C.C. § 47-16-39.1 provides, in pertinent part:

> **If the operator** under an oil and gas lease **fails to pay oil or gas royalties** to the mineral owner or the mineral owner's assignee **within one hundred fifty days after oil or gas produced under the lease is marketed** . . . or if the operator fails to pay oil or gas royalties to an unleased mineral interest owner within one hundred fifty days after oil or gas production is marketed from the unleased mineral interest owner's mineral interest, **the operator thereafter shall pay interest on the unpaid royalties, without the requirement that the mineral owner** or the mineral owner's assignee request the payment of interest, **at the rate of eighteen percent per annum until paid** . . .

N.D.C.C. § 47-16-39.1 (emphases added).

3

11. N.D.C.C. § 47-16-39.1 also provides a "safe harbor" provision which relieves the operator of its duty to automatically remit to the mineral owner the requisite statutory interest if the:

> mineral owners or their assignees elect to take their proportionate share of production in kind, in the event of a dispute of title existing that would affect distribution of royalty payments, or if a mineral owner cannot be located after reasonable inquiry by the operator; however, the operator shall make royalty payments to those mineral owners whose title and ownership interest is not in dispute.

N.D.C.C. § 47-16-39.1.

12. N.D.C.C. § 47-16-39.4 works in conjunction with the N.D.C.C. § 47-16-39.1's "safe harbor" provision, and provides that:

> If the mineral owner and mineral developer disagree over the mineral owner's ownership interest in a spacing unit, the mineral developer shall furnish the mineral owner with a description of the conflict and the proposed resolution or with that portion of the title opinion that concerns the disputed interest.

N.D.C.C. § 47-16-39.4.

13. If the mineral developer – in this case XTO – fails to notify a mineral owner of a title dispute affecting its distribution of royalties and fails to pay royalties within 150 days after oil or gas produced is marketed, the operator must pay interest on the unpaid royalties at 18% per annum until paid.

14. XTO has consistently violated its statutory obligations under the above-referenced statute by making late payments to persons owning mineral interests in wells located in North Dakota – i.e., payments made more than one hundred fifty days after the date when the oil or gas was produced and marketed by XTO – without paying the statutorily required eighteen percent per annum interest on such late payments to mineral interest owners who have received late payments

from XTO on oil, gas, or related hydrocarbons produced and marketed by XTO from wells located in the State of North Dakota.

15. At all times since November 8, 2016, Hystad has owned a mineral interest in its share of the proceeds received by XTO on its sale of the oil, gas, or related hydrocarbons produced and marketed by XTO from certain North Dakota wells, and Hystad has received monthly royalty payments from XTO on Hystad's share of the oil, gas, or related hydrocarbons produced and marketed from such wells by XTO.

16. On September 23, 2009, Virginia Ceynar and David Ceynar, as wife and husband, as lessors, entered into an oil and gas lease with St. Mary Land and Exploration Company, as lessee, pertaining to leased premises located in the State of North Dakota ("Hystad Lease"). Prior to November 8, 2016, Plaintiff Hystad acquired the lessors' interest in the Hystad Lease. Hystad has owned the lessors' interest in the Hystad Lease at all times since November 8, 2016. Prior to November 8, 2016, Defendant XTO acquired the lessee's interest in the Hystad Lease. XTO has continued to own the lessee's interest in the Hystad Lease at all times since November 8, 2016.

17. Since November 8, 2016, XTO has made hundreds of late payments to Hystad without making the statutorily required eighteen percent per annum interest on any such late payments.

18. At no point since November 8, 2016 has Hystad elected to take its proportionate share of production from a well operated by XTO in kind.

19. At no point since November 8, 2016 has XTO been unable to locate Hystad.

20. At no point since November 8, 2016, has XTO provided Hystad with written notice of a title dispute affecting distributions of royalty payments pursuant to N.D.C.C. § 47-16-39.4.

21. By failing to pay Hystad the statutorily required eighteen percent per annum interest on its late payments made to Hystad, XTO has violated the statutory requirements of N.D.C.C. § 47-16-39.1, and has caused damage to Hystad.

22. The other members of the Class seek to recover statutory damages from XTO based on XTO's failure to include statutory interest on their late payments which they received from XTO since November 8, 2016, in accordance with the six year statute of limitations set forth in N.D.C.C. § 28-01-16(2), which applies to the defined Class members' claims for relief based upon XTO's violations of N.D.C.C. § 47-16-39.1.

## CLASS DEFINITION

23. Hystad brings this class action pursuant to Fed. R. Civ. P. 23(a) and (b)(3) on behalf of a class ("the Class") defined as:

> All persons and entities owning mineral interests in North Dakota wells operated by XTO who, at any time since November 8, 2016, have: (1) received one or more royalty payments or other mineral interest payments from XTO on a date which was more than one hundred fifty days after the oil or gas produced by XTO from a North Dakota well subject to the mineral owner's interest was marketed; and (2) as to any such payment, XTO did not pay the eighteen percent per annum interest required under N.D.C.C. § 47-16-39.1.

> Excluded from the Class are: (1) XTO; (2) the United States of America; (3) persons who own mineral interests only in wells operated by XTO in North Dakota which are managed by the board of university and school lands; (4) persons who have been members of the board of university and school lands at any time since November 8, 2016; (5) mineral owners who elected to take their proportionate share of production from an XTO operated well in kind; (6) mineral owners who did not receive royalties from XTO because such mineral owners could not be located after reasonable inquiry; (7) mineral owners to whom XTO furnished with written notice of a title dispute pursuant to N.D.C.C. § 47-16-39.4, and whose payments were suspended as a result of such title dispute; and (8) overriding royalty interests and working interests.

## **CLASS ACTION ALLEGATIONS**

24.     There are more than 10,000 members of the defined Class, and therefore the Class is so numerous that joinder of such persons in this class action is impracticable.

25.     There are questions of fact and law common to the claims of the Class members, which include:

   a. Whether XTO has made late payments to the Class members at various times since November 8, 2016, without paying the eighteen percent per annum interest owed on such late payments;

   b. Whether XTO failed to pay the statutorily required eighteen percent per annum interest on the late payments which XTO made to the Class members since November 8, 2016;

   c. Whether XTO's failure to pay the statutorily required eighteen percent per annum interest on late payments made to the Class members constitutes a violation of N.D.C.C. § 47-16-39.1; and

   d. Whether the Class members are entitled to recover prejudgment interest on XTO's unpaid eighteen percent per annum interest on late payments, at the applicable North Dakota six percent per annum prejudgment interest rate, pursuant to N.D.C.C. § 32-03-05, from the date of each late payment to each Class member, which does not include the eighteen percent per annum interest until the date when XTO makes the required eighteen percent per annum interest payment to each Class member.

26.     Hystad's claims are typical of the other Class members' claims, because the claim of Hystad against XTO is identical to the claim of every other Class member against XTO. Hystad, like each of the other Class members, has never elected to take its proportionate share of production in kind, could always be located by XTO, and never received written notice from XTO regarding a title dispute affecting the distribution of payments, pursuant to N.D.C.C. § 47-16-39.4.

27.     Hystad will fairly and adequately protect the interests of the Class. Hystad is represented by attorneys who are skilled and experienced in royalty underpayment class action litigation, and Hystad has no conflicts of interest with any other Class member.

28. The common factual issues and common questions of law in this class action predominate over any factual issues or questions of law which may affect only individual Class members. Hystad has produced a payment detail which identifies Hystad's and each of the Class members' proportionate ownership interests in each well operated by XTO in North Dakota, as well as Hystad's and each of the Class members' ownership type.

29. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

30. The members of the proposed class are ascertainable. Hystad has produced a list identifying each of the proposed Class members by name and address.

## FIRST CLAIM FOR RELIEF
### (XTO's Violation of N.D.C.C. § 47-16-39.1)

31. The preceding allegations are fully incorporated herein by reference.

32. Hystad and the other Class members are legally entitled to their respective royalty payments and mineral interest payments from XTO for oil, gas, and related hydrocarbons produced by XTO from wells located in North Dakota.

33. Since November 8, 2016, XTO has consistently made late payments to Hystad and the other members of the Class by making royalty and mineral interest payments to the Class members more than one hundred fifty days after the marketing of oil, gas, or related hydrocarbons produced from a North Dakota well in which a Class member owns a mineral interest, without making the eighteen percent per annum interest payment on such late payments, as required under N.D.C.C. § 47-16-39.1.

34. As a direct result of XTO's failure to pay Hystad and the other Class members the eighteen percent per annum interest on the above-referenced late payments, Hystad and the Class members have sustained substantial damages.

**PRAYER FOR RELIEF**

Wherefore, Hystad prays for the following relief:

1. An Order determining that the claims asserted by Hystad on behalf of the defined Class against XTO should be certified as a Fed. R. Civ. P. 23(b)(3) class action, that Hystad be appointed as the Class Representative, and that Hystad's attorneys be appointed as Class Counsel for the defined Class;

2. A judgment in favor of the defined Class against XTO on the First Claim for Relief for the full amount of unpaid eighteen percent per annum interest on late payments made by XTO to the Class members since November 8, 2016, plus applicable North Dakota six percent prejudgment interest on the unpaid eighteen percent per annum interest, from the date of each late payment to the date the eighteen percent per annum interest is paid by XTO pursuant to N.D.C.C. § 32-03-05, or until the date of final judgment if the eighteen percent per annum interest remains unpaid by XTO on the date of final judgment;

3. An award of attorneys' fees to the attorneys for Hystad and the other members of the defined Class, pursuant to N.D.C.C. § 47-16-39.1;

4. An award of costs; and

5. Such further relief as the Court deems just.

**DEMAND FOR JURY TRIAL**

Hystad and the proposed Class members demand a jury trial on any issues so triable.

Dated: October 4, 2024 By: /s/*Stacy A. Burrows*

George A. Barton, Mo. Bar No. 26249
Stacy A. Burrows, Co. Bar No. 49199
Seth K. Jones, Ks. Bar No. 27262
Barton and Burrows, LLC
5201 Johnson Dr., Suite 110
Mission, KS 66205
Phone: (913) 563-6253
Email: george@bartonburrows.com
stacy@bartonburrows.com
seth@bartonburrows.com


Joshua A. Swanson, ND Bar No. 06788
Robert B. Stock, ND Bar No. 05919
VOGEL LAW FIRM
218 NP Avenue
Fargo, ND 58102
Phone: (701) 237-6983
Email: jswanson@vogellaw.com
rstock@vogellaw.com

*Attorneys for Plaintiff Hystad Ceynar Minerals, LLC, on behalf of itself and a class of similarly situated persons*